FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 MAY 14  PM 2: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RONALD JOE BYERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 00-PT-0628-M |
| | ) |
| NATIONAL FOUNDATION LIFE | ) |
| INSURANCE COMPANY and | ) |
| LIFESTYLES MARKETING | ) |
| GROUP INC., | ) |
| | ) |
| Defendants. | ) |

ENTERED

MAY 14 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon defendants National Foundation Life Insurance Company ("National Foundation") and Lifestyles Marketing Group, Inc.'s ("Lifestyles") Motion to Amend Answer, filed on April 10, 2003.

### FACTS AND PROCEDURAL HISTORY[1]

Plaintiffs filed their original complaint on March 10, 2000 (Doc. 1). Defendants filed their original answers on April 4, 2000 (Docs. 5-6). Defendants then filed a motion for summary judgment on June 28, 2002 (Doc. 30). While that motion was pending, plaintiffs filed, on July 17, 2002, an amended complaint (Doc. 38), adding two counts: one for fraudulent inducement and one for promissory estoppel. Defendants filed amended answers on September 13, 2002 (Docs. 40-41). The court issued an order in connection with defendants' motion for summary judgment on March 27, 2003 (Doc. 47). In that order, this court dismissed all claims against the

---

[1] For a recitation of the facts surrounding the underlying dispute, *see* Mem Op. of March 27, 2003 (Doc. 46).

59

defendants except for a breach of contract claim. However, the court did not address the fraudulent inducement or promissory estoppel claims. Defendants have since filed motions for summary judgment addressing all three remaining claims (Docs. 48-49, 56), and those motions are currently pending before this court.

On April 10, 2003, defendants filed this motion to amend their amended answer (Doc. 51). Specifically, they wish to add three defenses: that plaintiffs' claims are barred by the parol evidence rule, that plaintiffs have failed to allege the elements of promissory fraud, and that plaintiffs' claims are barred by lack of consideration. *See* Proposed Am. Answer at 11. Defendants assert that these defenses address claims raised by the plaintiffs in connection with the first motion for summary judgment, and that no prejudice will result by allowing them to amend the answer.

## ARGUMENTS

### I. Plaintiffs' Objection

Plaintiffs contend that their opposition to summary judgement, which defendants argue is the basis for this motion, was filed on July 15, 2002 (Doc. 36). However, defendants filed their amended answers in response to plaintiffs' amended complaint on September 13, 2002 (Docs. 40-41). Thus, plaintiffs argue, defendants were fully aware of any new contentions raised in connection with the motion for summary judgment. They simply failed to assert these new defenses when they filed their amended answers. Plaintiffs argue that defendants have waived these new defenses.

Plaintiffs cite Federal Rule of Civil Procedure 8(c), which states, in part, that a party shall affirmative set forth the defenses of failure of consideration and statute of frauds. By failing to

raise them before, plaintiffs contend, defendants have waived said defenses. Plaintiffs also cite from 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (2d ed. 1987), which states that "failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case. This proposition has been announced by numerous federal courts in cases involving a variety of affirmative defenses . . . . Thus, for example, an unalleged defense cannot be proven under a general denial." (footnotes omitted).

## II. Defendants' Reply

Defendants counter that Rule 8(c) merely requires the assertion of affirmative defenses before trial, and, by its terms, does not govern amendments to pleadings. *See, e.g., Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). Moreover, even if Rule 8(c) did govern amendments to pleadings, "[n]eglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise." *Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981). *See also Hassan*, 842 F.2d at 263 ("When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.").

Defendants argue that amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which provides, in part, that "leave shall be freely given when justice so requires." Defendants note that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). The factors that a court must consider include

3

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990)(citations omitted), *overruled on other grounds by McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994). Defendants argue that plaintiffs have presented no evidence that any of these factors are present. Defendants note that the court's order of March 27, 2003 denied defendants' motion for summary judgment as to the breach of contract claim, and that less than two weeks later they filed this motion to amend their answers.

## CONCLUSIONS OF THE COURT

The motion will be granted. It is not absolutely clear whether all the issues addressed are truly affirmative defenses or simply required elements of plaintiffs' claim, etc. There will be no prejudice in allowing a late amendment.

This ___14th___ day of May, 2003.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

4